# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

GREGORY HINTON,                      )
                                     )      Case No. 1:18-cv-262; 1:16-cr-69
    *Petitioner*,                )
                                     )      Judge Travis R. McDonough
v.                                   )
                                     )      Magistrate Judge Christopher H. Steger
UNITED STATES OF AMERICA,            )
                                     )
    *Respondent*.                )

---

## MEMORANDUM OPINION

---

Before the Court is Petitioner Gregory Hinton's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255.  (Doc. 1 in Case No. 1:18-cv-262; Doc. 31 in Case No. 1:16-cr-69.)  For the following reasons, the Court will **DENY** Petitioner's motion.

## I.  BACKGROUND

On August 2, 2016, Petitioner entered a plea agreement with the Government, in which he agreed to plead guilty to one count of possession with intent to distribute twenty-eight grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).[1]  (Doc. 11, at 1 in Case No. 1:16-cr-69.)  The plea agreement specifically notified Petitioner that the punishment for this offense is "[i]mprisonment of not less than 5 years."  (*Id.*)  In his plea agreement, Petitioner agreed not to file a direct appeal, except that he retained the right to appeal a "sentence imposed above the sentencing guideline

---

[1] In exchange for pleading guilty, the Government agreed to dismiss the Petitioner's charges for possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One) and possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count Three).  (Doc. 11, at 1–2 in Case No. 1:16-cr-69.)

range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, which is greater." (*Id*. at 6–7.) Petitioner also expressly waived the right "to appeal the Court's determination as to whether [his] sentence will be consecutively or partially concurrent to any other sentence." (*Id*.) Additionally, Petitioner agreed not to file a motion pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack his conviction or sentence, except that he retained the right to file a § 2255 motion "as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel." (*Id*. at 7.)

On November 21, 2016, after accepting Petitioner's guilty plea, United States District Court Judge Harry S. Mattice, Jr. calculated Petitioner's sentencing guidelines as fifty-seven to seventy-one months' imprisonment, restricted by the sixty-month mandatory-minimum sentence required by 21 U.S.C. § 841(b)(1)(B). (*See* Docs. 19, 22 in Case No. 1:16-cr-69.) Judge Mattice then sentenced Petitioner to sixty months' imprisonment, to be followed by four years of supervised release. (Doc. 21 in Case No. 1:16-cr-69.) Petitioner did not appeal his conviction or sentence.

On October 29, 2018, Petitioner filed the instant § 2255 motion. (Doc. 31 in Case No. 1:16-cr-69; Doc. 1 in Case No. 1:18-cv-262.) In his motion, Petitioner asserts that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal despite being instructed to do so. (Doc. 1, at 3–5 in Case No. 1:18-cv-262.) Petitioner also asserts that he is entitled to relief because the Court violated his due-process rights by applying a weapons enhancement under United States Sentencing Guideline 2D1.1(b)(1) without sufficient facts to support the enhancement. (*Id*. at 6–9.) Finally, Petitioner appears to assert that his due-process rights and right to counsel were violated because his counsel "failed to address jail time credit at sentencing" related to time he served in state custody. (*Id*. at 10–13.)

2

In connection with his § 2255 motion, Petitioner filed a sworn affidavit under penalty of perjury. (*Id*. at 26–29.) In his affidavit, Petitioner generally avers that his counsel:

- did not inform him "of the possibility of the minimum and/or maximum sentence that [he] faced if convicted, or by entering a guilty plea";

- did not inform him that a two-level firearm enhancement may be applied in calculating his guidelines;

- failed to properly investigate whether he could pursue a motion to suppress;

- failed to object to application of the two-level firearm enhancement;

- insisted that he "take a plea" and informed him that he would "receive a harsher sentence" if he did not accept a plea;

- pressured him into accepting a plea that was not "beneficial";

- failed to appeal the two-level firearm enhancement despite directing him to file a notice of appeal; and

- incorrectly advised him that his jail time credit would be properly calculated with his federal sentence and that he had "nothing to worry about."

(*Id*.) The Government has responded to Petitioner's § 2255 motion (Doc. 10 in Case No. 1:18-cv-262), and Petitioner's motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

3

## III.    ANALYSIS

### A.  Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of:  (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely. Because Petitioner did not file a direct appeal, his conviction became final on December 5, 2016, fourteen days after the Court entered judgment.  *See* Fed. R. App. P. 4(b)(1)(A)(ii); *Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir. 2004).  As a result, under § 2255(f)(1), Petitioner had until December 5, 2017, to file his § 2255 motion.  Petitioner did not file his § 2255 motion until October 29, 2018.  Petitioner's motion is therefore untimely under § 2255(f)(1). [2]

Additionally, Petitioner is not entitled to equitable tolling even though he contends that his attorney failed to follow his instruction to file a notice of appeal.  While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399

---

[2] Petitioner does not assert that his motion is timely under §§ 2255(f)(2), (3), or (4).

F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, even assuming that Petitioner's counsel failed to file a notice of appeal as instructed, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion. To the contrary, Petitioner waited almost two years after his judgment became final to file his § 2255 motion. Even if the Court tolled the statute of limitations for a reasonable period of time based on counsel's failure to file a notice of appeal as allegedly instructed, waiting almost two years to file the present motion demonstrates that Petitioner has not diligently pursued his rights. Accordingly, the Court will deny Petitioner's § 2255 motion as untimely.

### B. Merits of Petition

Even if Petitioner's motion were timely, the Court would deny his § 2255 motion on the merits, with one exception. If Petitioner's motion were timely, the Court would hold an evidentiary hearing regarding whether his counsel was ineffective for not filing a notice of appeal. To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Petitioner's assertion that counsel disregarded his instruction to file a notice of appeal would normally entitle him to an evidentiary hearing. *See Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015); *see also Garza v. Idaho*, 139 S.Ct. 738 (2019) (holding that "when counsel's constitutionally

deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal . . . regardless of whether the defendant has signed an appeal waiver"). An evidentiary hearing is unnecessary, however, because Petitioner's ineffective-assistance-of-counsel claim remains untimely under 28 U.S.C. § 2255(f).

The remaining arguments advanced in Petitioner's § 2255 motion are meritless. First, to the extent Petitioner seeks to directly challenge the Court's application of the two-level firearms enhancement under Section 2D1.1(b)(1) of the United States Sentencing Guidelines in calculating his guideline range, that claim is not cognizable on collateral review. *See, e.g.*, *Grant v. United States*, 72 F.3d 503, 505 (6th Cir. 1996) ("[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines . . . ordinarily are not cognizable on collateral review."). To the extent Petitioner argues that his counsel was ineffective for failing to object to the firearms enhancement, that argument also fails because the stipulated factual basis contained in Petitioner's plea agreement demonstrates that the firearms enhancement was properly applied. Section 2D.1.1(b)(1) of the United States Sentencing Guidelines directs courts to apply a two-level enhancement "if a dangerous weapon (including a firearm) was possessed" in connection with a drug-trafficking offense. In his plea agreement, Petitioner stipulated that narcotics, a firearm, and over $16,000 in cash, all stored together in a plastic bag in his vehicle, were his. (Doc. 11, at 3 in Case No. 1:16-cr-69). Under these facts, which Petitioner stipulated to in a signed plea agreement, application of the two-level firearms enhancement under § 2D1.1(b)(1) was appropriate. *See United States v. Sierra-Villegas*, 774 F.3d 1093, 1101–02 (6th Cir. 2014).

Accordingly, Petitioner cannot demonstrate that his counsel's performance fell below an objectively reasonable standard or that he was prejudiced by counsel's deficient performance.[3]

Next, Petitioner asserts that his counsel was ineffective at sentencing for failing to request jail time credit for time spent served in state custody. This argument fails because the power to award credit for time served lies solely with the Attorney General of the United States and the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (vacating a district court's amended sentence granting credit for time served in federal custody awaiting trial); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing.").[4] As a result, Petitioner cannot demonstrate deficient performance by his counsel at sentencing or that counsel's deficient performance prejudiced him.

Finally, to the extent Petitioner's affidavit in support of his § 2255 motion asserts that his counsel was ineffective in other ways not specified in his motion, Petitioner has failed to allege a sufficient factual basis to support such claims. In his affidavit, Petitioner generally avers his counsel: (1) failed to properly investigate whether he could pursue a motion to suppress; (2)

---

[3] This is especially true because Petitioner received a sixty-month sentence, the minimum sentence that he could have received in connection with pleading guilty possession of cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

[4] To the extent Petitioner seeks to challenge the manner in which his sentence is calculated, he may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. "If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian." *Kellogg v. Snyder*, 48 F. App'x 114, 115 (6th Cir. 2002); *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003) (explaining that a § 2241 petition "must be filed in the district court that has jurisdiction over a prisoner's place of confinement.")

pressured him to plead guilty; and (3) promised that his time credit would be properly calculated by the Bureau of Prisons. (Doc. 1, at 26–29 in Case No. 1:18-cv-262.) Petitioner does not, however, provide any factual basis to support these conclusory allegations. As a result, these factually undeveloped claims do not merit review.[5] *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that if "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review"); *McConnell v. United States*, 162 F.3d 1162 (6th Cir. 1998) (table) (explaining that claims are legally insufficient when the "allegations are conclusory, completely speculative and unsupported by the proof or reference to such proof").

## IV.    CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:18-cv-262; Doc. 31 in Case No. 1:16-cr-69) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

---

[5] Regardless, even if Petitioner's allegations of ineffective assistance were properly supported and merited an evidentiary hearing, Petitioner's § 2255 motion remains untimely.

**AN APPROPRIATE JUDGEMENT WILL ENTER.**

/s/ *Travis R. McDonough*

**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**